[No. 17026.    Department One.    October 20, 1922.]

ANNA K. INGAMSON, *Appellant,* v. O. INGAMSON,
*Respondent.*[1]

DIVORCE (80)—DIVISION OF PROPERTY—AWARD. A division of the
property on granting a divorce approved, where the parties were
allowed to keep their separate property, and the husband was
awarded the community property, on paying to the wife one-half
its cost and attorneys' fees and costs of the action.

Appeal by plaintiff from a judgment of the superior
court for King county, Honorable Fred W. Catlett,
judge *pro tempore,* entered June 16, 1921, upon find-
ings in favor of the plaintiff, in an action for divorce,
tried to the court.    Affirmed.

*Eugene A. Childe,* for appellant.

*Robert F. Sandall* and *Lundin & Barto,* for re-
spondent.

PER CURIAM.—The plaintiff and the defendant inter-
married at Seattle, on January 28, 1919.    In March,
1921, the plaintiff instituted this action for a divorce
and for a division of property.    The trial court, after
a somewhat extended hearing, divorced the parties
and made a property division.    The plaintiff, feeling
aggrieved at the property award, appeals therefrom.

Counsel, in their briefs and arguments, have gone
somewhat extensively into the married life of the
parties, possibly for the purpose of showing which of
them is the more blamable for its unhappy ending,
and for the purpose of showing which of them is en-
titled to the greater consideration.    But the tale as
it is unfolded is not an inspiring one, and we think
no useful purpose would be subserved by repeating

[1]Reported in 209 Pac. 1119.

it here. As we view the record the award was not unfair. The court allowed the parties to keep their separate property, awarded to the defendant the property acquired during the marriage relation and required him to pay to the plaintiff one-half of its cost; also requiring him to pay the costs of the action and the plaintiff's attorney fees. Any further award to the plaintiff must come from the defendant's separate property, and we are not persuaded that the justice of the case requires him to make a contribution therefrom to the plaintiff.

The judgment will stand affirmed.